No. 43,276

J. D. Pace and Dale Wells, Executors of the Estate of Nola H. Barton, Deceased, and Dale R. Wells and Marguerite Wells, *Appellees*, v. Director of Revenue of Department of Revenue of Kansas, *Appellant*.

(383 P. 2d 568)

Opinion filed July 10, 1963.

*Dean Burkhead*, of Topeka, argued the cause, and *Graydon D. Luthey*, of Topeka, was with him on the brief for the appellant.

*A. L. Foster*, of Parsons, was on the brief for the appellees.

The opinion of the court was delivered by

Price, J.: This appeal arises out of the levy of an inheritance tax in the estate of Nola H. Barton, deceased.

Because of our disposition of the appeal, only a brief recital of the background of the matter is required.

On May 18, 1956, Nola H. Barton entered into a written contract with Dale Wells and Marguerite Wells whereby she sold to the Wells ninety shares of bank stock. By the terms of the contract the Wells were to pay her the sum of $160 per month during her lifetime. She was seventy-four years of age at the time. The stock was to be held in escrow by a Kansas City, Missouri, bank. Mrs. Barton died thirty-nine months later. During that period the Wells had made each monthly payment as per the contract, and, following her death, the stock, in accordance with the provisions of the contract, was turned over to them.

Mrs. Barton died testate. Her will made no mention of the bank stock or of the contract previously executed by her for its sale to the Wells. In the settlement of her estate the inheritance tax division of the state department of revenue determined that the transfer of the shares of stock under the mentioned contract was intended to take effect in possession after the death of Mrs. Barton, and, pursuant to the provisions of G. S. 1959 Supp. 79-1501, and G. S. 1949, 79-1504, assessed an inheritance tax against the Wells on the transaction in question.

Upon an appeal by the executors of Mrs. Barton's estate the board of tax appeals sustained that finding and order. The executors then appealed to the district court.

The district court, after a full hearing, reversed the decision of the board of tax appeals and in so doing made findings of fact and conclusions of law. The journal entry of judgment recites that on March 15, 1962—

"THEREFORE, judgment is hereby rendered against the Director of Revenue, appellee herein. Director is adjudged to pay the costs."

The journal entry of judgment further recites that on May 16, 1962, the motion for new trial filed by the director of revenue came on for hearing and—

"The court having considered said Motion for new trial and being fully advised in the premises finds that same should be overruled.

"THEREFORE, It Is by the Court Considered and Ordered, that Motion for new trial filed by the Director of Revenue, appellee herein, be and the same is hereby overruled."

From the foregoing it will be seen that the court rendered

judgment on March 15, 1962, and that on May 16, 1962, it over-ruled the motion for a new trial.

On July 12, 1962, the director of revenue filed a notice of appeal to this court stating that he

". . . does and has appealed from the judgment, order and decision rendered and made in the above entitled action on the 16th day of May, 1962, where it was by the Court considered, ordered, adjudged, and decreed that the Order of the Board of Tax Appeals sustaining the assessment of inheritance tax against the appellant, J. D. Pace and Dale Wells, also known as Dale R. Wells, executors of the estate of Nola H. Barton, deceased, and Dale R. Wells, also known as Dale Wells and Marguerite Wells, as individuals, in the amount of $1,046.34, should be reversed and that judgment in said amount plus cost entered against the Director of Revenue."

The executors and the Wells filed a motion to dismiss the appeal. The motion was denied with leave to renew at the hearing of the appeal on its merits. The motion to dismiss has been renewed.

Upon consideration of the record—pertinent portions of which are set out above—we are of the opinion that this appeal must be dismissed.

The judgment in this case was rendered on March 15, 1962. The *only* order made on May 16, 1962, was the order overruling the motion for a new trial. Notice of appeal was not filed until July 12, 1962. While the notice of appeal mentions the date "16th day of May, 1962," above, it nevertheless limits the appeal to the *judgment* which reversed the order of the board of tax appeals. The notice of appeal does not mention the order over-ruling the motion for a new trial and no appeal was taken from that order. In other words, the appeal—notice of which was not filed until July 12, 1962—*is from only the judgment which was rendered on March 15, 1962.* G. S. 1949, 60-3309, provides that an appeal shall be perfected within two months from the date of the judgment or order from which the appeal is taken. The notice of appeal here was filed long after the expiration of two months from the date of the judgment in question—and therefore was out of time. Citation of authority—other than the statute—is unnecessary.

The appeal is dismissed.